UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-593-MOC
(3:12-cr-294-MOC-DCK-1)

| | | |
|---|---|---|
| DAVID WAYNE BELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion

to Dismiss, (Doc. No. 6).

## I. BACKGROUND

As part of a conspiracy, pro se Petitioner David Wayne Bell, Jr., sold crack cocaine out of his

residence in Gastonia, North Carolina. (Crim. Case No. 3:12-cr-294, Doc. No. 17 at 3-4: PSR).

Police officers recovered 39 grams of crack cocaine from that residence, along with crack-

manufacturing paraphernalia, more than $6,800 in cash, and a 9mm handgun. (Id.). During a

traffic stop, officers recovered an additional 57.9 grams of crack cocaine. (Id.). Petitioner

admitted that the amount of crack that he possessed with intent to distribute was at least 280

grams of crack cocaine. (Id.).

Petitioner pleaded guilty to conspiracy to possess with intent to distribute at least 280

grams of cocaine base, pursuant to a plea agreement with the United States. See 21 U.S.C. §§

841(b)(1)(A), 846. (Crim. Case No. 3:12-cr-294, Doc. No. 7 at 1-2: Plea Agreement). This

Court sentenced Petitioner to a term of imprisonment of 151 months, and entered its judgment on

November 15, 2013. (Id., Doc. No. 28: Judgment). Petitioner did not appeal. This Court later reduced Petitioner's sentence to 121 months' imprisonment under Amendment 782 to the United States Sentencing Guidelines. (Id., Doc. No. 39).

Petitioner placed the pending motion to vacate in the prison system for mailing on July 26, 2016, and it was stamp-filed in this Court on August 1, 2016. As his sole claim, Petitioner contends that, when determining the range of sentences advised by the United States Sentencing Guidelines, this Court erroneously applied Section 2D1.1(b)(1), which operates "[i]f a dangerous weapon (including a firearm) was possessed," and Section 4A1.1(d), which operates "if the defendant committed the instant offense while under any criminal justice sentence." (Doc. No. 1 at 3-6). Petitioner contends that he is entitled to relief as to both of these sentencing "enhancements" under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Id. at 7).

The Government filed its response and accompanying motion to dismiss on December 19, 2016. (Doc. No. 6). On December 19, 2016, the Court entered an order notifying Petitioner of the motion to dismiss and granting Petitioner until January 6, 2017, to file a response. (Doc. No. 7). Petitioner has not responded to the motion to dismiss and the time to do so has passed. Therefore, this matter is ripe for disposition. For the following reasons, Petitioner's motion to vacate will be denied and dismissed, and the Government's motion to dismiss will be granted.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

argument presented by Petitioner can be resolved without an evidentiary hearing based on the

record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's motion to vacate will be dismissed for several reasons.  First, Petitioner's motion

is untimely.  The statute under which he moves, 28 U.S.C. § 2255, imposes a "1-year period of

limitation" that runs from the latest of four dates: "(1) the date on which the judgment of

conviction becomes final; (2) the date on which the impediment to making a motion created by

governmental action . . . is removed; (3) the date on which the right asserted was initially

recognized by the Supreme Court, if . . . made retroactively applicable to cases on collateral

review; or (4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  Here, judgment

was entered against Petitioner on November 15, 2013, and Petitioner did not appeal.  Therefore,

the one-year limitations period under Section 2255(f)(1) began running on November 29, 2013

(14 days after entry of judgment), and fully expired one year later.  See Moshier v. United States,

402 F.3d 116, 118 (2d Cir. 2005).  Furthermore, none of the other subsections in Section 2255(f)

applies to render the petition timely.

Specifically, the Supreme Court's decision in Johnson does not make Petitioner's motion

timely under 28 U.S.C. § 2255(f)(3) because Johnson did not initially recognize the right that

Petitioner purports to assert.  Johnson held that "imposing an increased sentence under the

residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due

process."[1]  135 S. Ct. at 2563.  Petitioner argues that Johnson's holding applies to the "residual

---

[1]  The ACCA provides for a mandatory minimum term of fifteen years in prison for any
defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent
felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  "Violent felony" is defined to

clause" of the definition of "crime of violence" in Section 4B1.1(a)(2) of the Sentencing

Guidelines. (Doc. No. 1 at 1). Petitioner also argues in his supplemental motion that "the

language of [18 U.S.C.] section 924(c) is unconstitutional in light of Johnson." (Doc. No. 3 at

6).

Even if Petitioner's arguments based on Johnson were correct, that decision would have

no bearing on the sentence that Petitioner received. Nothing in the presentence report, or this

Court's statement of reasons adopting it with an unrelated comment, suggests that Petitioner's

offense level or criminal history category was enhanced because of a "crime of violence" under

the Guidelines. See (Crim. Case No. 3:12-cr-294, Doc. No. 29 at 1). Furthermore, Petitioner

was not convicted under 18 U.S.C. § 924(c). Stated differently, Petitioner's challenge to this

Court's application of Sections 2D1.1(b)(1) and 4A1.1(d) do not turn on any right to relief

recognized by the Supreme Court after his judgment of conviction became final.[2] Because

Petitioner's judgment of conviction became final well more than a year before the filed his

---

include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as
an element the use, attempted use, or threatened use of physical force against the person of
another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves
conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).
        In Johnson, the Supreme Court held that the provision defining "violent felony" to
include a prior conviction for an offense that "otherwise involves conduct that presents a serious
potential risk of physical injury to another," known as the "residual clause" of the ACCA's
"violent felony" definition, is void for vagueness. Id. at 2558. The Supreme Court also held that
the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the
remainder of the "violent felony" definition, including the four enumerated offenses and the
"force clause" of § 924(e)(2)(B)(i). Id. at 2563. As a result of Johnson, a defendant who was
sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that
satisfies only the residual clause of the "violent felony" definition is entitled to relief from his
sentence. Where, however, the prior convictions upon which his enhanced sentence is based
qualify as violent felonies under the "force clause," or qualify as one of the four enumerated
offenses, no relief is warranted.
[2]   To this extent, Petitioner's additional argument in his motion to amend that the Supreme
Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), entitles him to any
sentencing relief is also without merit.

motion to vacate, his motion is untimely.[3]

Second, even if timely, Petitioner's motion would remain subject to dismissal because of his procedural default. A claim is ordinarily subject to review under 28 U.S.C. § 2255 "only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). Because Petitioner did not challenge this Court's determination of his advisory Guidelines range on direct appeal, he must demonstrate "cause and prejudice, or actual innocence," to raise that challenge now under Section 2255. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Petitioner does not identify any grounds for doing so, and that failure precludes him from overcoming his procedural default. Jackson v. United States, 638 F. Supp. 2d 514, 601 (W.D.N.C. 2009).

Finally, even if Petitioner's claim were timely and not barred by Petitioner's procedural default, Petitioner's challenge to the Court's determination of his advisory guideline range is not cognizable under Section 2255. Petitioner argues that this Court misapplied Sections 2D1.1(b)(1) and 4A1.1(d) of the Guidelines. As the Fourth Circuit has held, however, a "misapplication of the sentencing guidelines does not amount to" the kind of "miscarriage of justice" required for a non-constitutional error to be cognizable on collateral review. United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015).

IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the Section 2255 petition and grant the Government's motion to dismiss.

   **IT IS, THEREFORE, ORDERED** that:

---

[3]  Petitioner contends that he initially "put forward" his petition on April 19, 2016, but the Clerk's office informed him later that it had not received the petition. (Doc. No. 1 at 9). Even considering April 19, 2016, as the date of filing, the motion to vacate is still untimely.

1.      Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and

        **DISMISSED**.  To this extent, the Government's Motion to Dismiss, (Doc. No.

        6), is **GRANTED**.

2.      Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court

        declines to issue a certificate of appealability as Petitioner has not made a

        substantial showing of the denial of a constitutional right.  28 U.S.C. §

        2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to

        satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find

        the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 12, 2017

Max O. Cogburn Jr.
United States District Judge